IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA YORK, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>OKLAHOMA DEPARTMENT OF )<br>CORRECTIONS, an agency of the State )<br>of Oklahoma, )<br>)<br>      Defendant. ) | Case No. CIV-22-00481-JD |

## ORDER OF DISMISSAL

On July 17, 2023, the Court issued an Order [Doc. No. 35] requiring Plaintiff and counsel Kimberly Rennie to show cause by Monday, July 24, 2023, why they had not complied with the Court's Order of July 5, 2023.[1] The Court has repeatedly warned Plaintiff that failure to comply with Court Orders may result in the dismissal of the action. *See* [Doc. No. 27 at 2]; [Doc. No. 29 at 1]; [Doc. No. 35 at 2]. Most recently, on July 17, 2023, the Court warned Plaintiff that failure to comply with the Order would result in the dismissal of her action without prejudice, without further notice or warning

---

[1] The July 5, 2023 Order sought clarity because Plaintiff's counsel Rennie and Plaintiff both filed entries of appearance for Plaintiff on the same date, Plaintiff followed by Rennie. *See* [Doc. Nos. 32, 33]. Rennie never sought leave to withdraw. Moreover, the notice filed by Plaintiff [Doc. No. 32] does not present any address or provide the Court with any contact information as required by the Local Civil Rules. *See* LCvR5.4 ("All papers shall contain the name, mailing address, daytime telephone number, fax number, and e-mail address, if any, of the . . . *pro se* litigant."); *cf. Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) (explaining that "it would be unreasonable to require courts to wade through a party's file in order to determine the . . . most likely address at which to contact the parties" and that parties must bring their addresses to the attention of the courts).

by the Court. [Doc. No. 35 at 2]. To date, Plaintiff has not complied with the Court's Orders, nor has Plaintiff sought any extension of time to comply with the Court's Orders or filed anything further in prosecution of this action.[2]

Consequently, the Court DISMISSES Plaintiff's action WITHOUT PREJUDICE for failure to comply with the Court's Orders and failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to dismiss actions for lack of prosecution); *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (even without a motion, a district court may *sua sponte* dismiss an action "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court"); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (dismissal appropriate where party neglects their case or refuses to obey court orders); *see also* Fed. R. Civ. P. 41(b).[3]

---

[2] Plaintiff also failed to meet her Scheduling Order deadline of July 11, 2023, to file her final list of witnesses and exhibits. *See* [Doc. No. 12 ¶¶ 4–5]. The Court stated in its July 5, 2023, Order that the Scheduling Order and its deadlines remain in place. [Doc. No. 34].

[3] Before dismissing a case *with prejudice*, "a court should ordinarily consider a number of factors," including whether the party was warned, the amount of interference with the judicial process, and the relative degrees of culpability and prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Here, the Court need not analyze any *Ehrenhaus* factors because the dismissal is without prejudice. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (unpublished) ("When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required.") (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007)). The Tenth Circuit has "consistently interpreted Rule 41(b) 'to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute.'" *Huggins v. Supreme Ct. of the U.S.*, 480 F. App'x 915,

    IT IS SO ORDERED this 8th day of August 2023.

                                                       *[signature]*
                                                    JODI W. DISHMAN
                                                    UNITED STATES DISTRICT JUDGE

---

916–17 (10th Cir. 2012) (unpublished) (quoting *Olsen*, 333 F.3d at 1204 n.3); *see also United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").